UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
VINCENT GRAZIANO,

                                                                **Index No.:**

                    Plaintiff,

                                                           **COMPLAINT**

          v.


HOME DEPOT U.S.A INC. d/b/a THE HOME DEPOT,

                    Defendant.

-----------------------------------------------------------------X

     Plaintiff, Vincent Graziano ("Plaintiff" or "Mr. Graziano") brings this action, by his attorneys, Imbesi Law P.C., against Defendant Home Depot U.S.A INC d/b/a The Home Depot ("Defendant" or "Home Depot") and alleges as follows:

## PRELIMINARY STATEMENT

1.      Plaintiff is a partially deaf individual who is considered disabled under federal and state anti-discrimination laws. Plaintiff was hired by Home Depot in May of 2012. While employed at Home Depot, Plaintiff experienced frequent discrimination due to his disability. He was treated with disrespect, not provided with requested and reasonable accommodations, and eventually terminated from his position. Plaintiff was treated differently than non-disabled employees and was denied the privileges of his employment in violation of state and federal law.

2.      Plaintiff, a former employee of Home Depot, seeks damages and other appropriate relief for violations of his statutory, civil and human rights under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et. seq.* ("ADA" and 29 U.S.C. § 701 and Article 15 of the Executive Laws of the State of New York, §290 *et. seq.*, including §296 as amended (hereinafter referred to as the "State HRL") Article I, Section 8 of the New York City Administrative Code,

1

known as the New York City Human Rights Law, §8-101 *et. seq.*, ("City HRL") and the Rehabilitation Act, 29 U.S.C.A 791, *et seq.*, as amended in 1992 ("the "Rehabilitation Act").

3.      In addition to monetary damages, Plaintiff brings this action against Home Depot to compel it to cease unlawful discriminatory workplace practices and implement policies and procedures that will ensure persons with disabilities are free from discrimination.

## PARTIES

4.      Plaintiff is a resident of Kings County, State of New York and all times hereinafter mentioned was an employee of Home Depot. Plaintiff is partially deaf and is substantially limited in the major life activities of hearing and speaking within the meaning of federal and state anti-discrimination laws.

5.      Defendant is a foreign business corporation authorized to conduct business in the State of New York and an "employer" as defined in the applicable federal, state, and New York City statutory provisions.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over the subject matter of this action pursuant to 28U.S.C. § 1331.

7.      This Court has supplemental jurisdiction of the state law claims asserted pursuant to 28 U.S.C. § 1367.

8.      Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391 as the events and conduct giving rise to the claims occurred in this District. Defendant has sufficient contacts with this District to subject it to personal jurisdiction at the time this action is commenced, and the acts and omissions giving rise to this Complaint occurred within this District.

## CONDITION PRECEDENT

9.       Pursuant to the requirements of 42 U.S.C. 2000e-5, Plaintiff filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on May 24, 2017.

10.       The EEOC issued a Notice of Right to Sue on December 6, 2017.

11.       The Complaint is timely in that it was filed within ninety (90) days of the issuance of the Right to Sue.

12.       Therefore, Plaintiff has satisfied all conditions precedent to the filing of his Complaint.

## STATEMENT OF FACTS

### A. Background

13.       Home Depot is a home improvement supplies retail company that sells tools, construction products, and construction services throughout the United States, Canada, and Mexico.

14.       Upon information and belief, Home Depot's corporate headquarters are located in Atlanta, Georgia.  The company employs an estimated 385,000 employees across the United States, Canada, and Mexico.

15.       In May 5, 2012, Plaintiff began working for Home Depot.

### B. Plaintiff's Disability

16.       Since the age of six (6), Plaintiff has been legally deaf in his right ear.

17.       Among other symptoms, Plaintiff is especially sensitive to sharp or high-pitched sounds in his right ear.

18.       As a result of his disability, Plaintiff slurs his speech at times.

3

19.     In 2015 until his termination in 2016, one of Plaintiff's tasks was to dispose of tiles and other debris into the trash. Plaintiff requested that he not handle tiles since they would cause an extremely sharp piercing sound when falling on the floor.

20.     Plaintiff asked Ayala for an accommodation to either not dispose the trash or dispose of the trash excluding the tiles. Plaintiff's request was denied.

21.     Because of Plaintiff's disability, the sharp sounds of the tiles caused him extreme pain as he was especially sensitive to sharp sounds.

22.     Beginning in 2015, Plaintiff was often mocked for his disability. He was called "stupid" and "retarded" by his boss Alvin Ayala ("Ayala"). This occurred on a daily basis and often in front of other employees and customers.

23.     Plaintiff made repeated complaint to his managers about Ayala's actions and wanted to call the Home Depot corporate office in Atlanta as well. Plaintiff's complaints were ignored and he was told by Ayala that, "he didn't need to call Atlanta, his Home Depot location was Atlanta."

**C.  Plaintiff's Pretextual Termination**

24.     Plaintiff was terminated from Home Depot on November 29, 2016.

25.     In the weeks leading up to Plaintiff's termination, his supervisor, Ayala, made threatening gestures to Plaintiff telling him that he would "kill him."

26.     Plaintiff went to Richard Perelli ("Perelli"), the Home Depot General Manager, and told him about Ayala's behavior.

27.     Perelli told Plaintiff that, "making waves a bad idea" and his job would be at risk if he made any more complaints. Perelli failed to take appropriate remedial action and Ayala continued to harass Plaintiff.

4

28.     On November 26, 2016, Ayala approached Plaintiff while on shift and started screaming at him for using a leaf blower to clear up pin needles instead of a broom.

29.     Ayala was approximately ten (10) feet away from Plaintiff and lunged at him and tried   to strike Plaintiff with his fists.

30.     Ayala had to be restrained by two (2) employees, Brian, a loss prevention employee, and Angel Perez, a supervisor who had come over due to the commotion. Plaintiff was not restrained.

31.     While Ayala was restrained, he continued to scream and curse at Plaintiff and threatened  to "knock [his] fucking head off" and to "watch when I see you."

32.     On November 30, 2016, when Plaintiff arrived for his shift, he was brought into Perelli's office.

33.     Perelli then asked Plaintiff to sign a false statement that would exonerate Ayala's behavior.  The statement said that Plaintiff was fired because he disrespected his supervisor.

34.     Plaintiff knew he was not disrespectful to Ayala and it was Ayala who was discriminatory and violent, so he refused to sign the statement.

35.     Plaintiff was terminated that same day.

36.     Despite Ayala's discriminatory conduct and violent behavior towards Plaintiff, he was not disciplined, reprimanded or terminated.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

37.     Plaintiff hereby repeats and realleges all allegations set forth as if fully set forth herein

38.     The Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112, provides that "no covered entity shall discriminate against a qualified individual on the basis of disability in

regard to job application procedures, the hiring, advancement, or discharge of employee,
employee compensation, job training and other terms, conditions and privileges of employment."

39.     As an employer, Defendant is a covered entity.

40.     42 U.S.C. § 12102 defines a "disability" as "a physical or mental impairment that
substantially limits a major life activity or has a record of such impairment or is regarded as havi
ng such an impairment."

41.     Plaintiff is an individual with a disability under the definition of the ADA.

42.     42 U.S.C. § 12102 defines a "major life activity" to include, but not limited to,
"caring for oneself, performing manual tasks... walking, standing, lifting, bending, speaking, bre
athing...and working."

43.     Plaintiff's disability substantially limits one or more of his major life
activities.

44.     Defendant has discriminated against Plaintiff in its failure to accommodate his dis
ability when an accommodation could have been made without any undue hardship.

45.     As a direct result of Defendant's discriminatory conduct, Plaintiff has suffered an
d will continue to suffer from severe emotional distress and financial harm.

46.     Pursuant to 42 U.S.C. § 12205, Plaintiff is entitled to recover reasonable attorney'
s fees, including litigation expenses and costs.

## COUNT II
## DISCRIMINATION IN VIOLATION OF THE STATE HRL

47.     Plaintiff hereby repeats and realleges all allegations set forth as if fully set forth
herein.

48.     Defendant is an "employer" as defined in the State HRL.

6

49.     Plaintiff was an "employee" as defined in the State HRL.

50.     The aforementioned acts of Defendant constitute unlawful discrimination against Plaintiff based on his disability under the State HRL in violation of Article 15, § 290 *et. seq.* of the New York State Executive Laws and specifically § 296 thereof, which states:

> It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's...disability... to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

51.     As set forth above, Defendant, by its conduct, discriminated against Plaintiff, by failing to accommodate his disability, discriminating against Plaintiff because of his disability and forcing Plaintiff to endure adverse employment actions affecting and altering the terms, conditions and privileges of his employment.

52.     As a result of Defendant's violations of the foregoing statutory laws, Defendant is liable to Plaintiff pursuant to State HRL § 297(9) for damages and such other remedies as may be deemed just and appropriate.

53.     As a direct result of Defendant's discrimination and failure to accommodate Plaintiff's disability, Plaintiff has suffered, and continues to suffer, a significant amount of distress.

## COUNT III
## DISCRIMINATION IN VIOLATION OF
## NEW YORK CITY HUMAN RIGHTS LAW §8-107

54.     Plaintiff hereby repeats and realleges all allegations set forth as if fully set forth herein.

55.     Defendant is an "employer" as defined in the City HRL.

56.     Plaintiff was an "employee" as defined in the City HRL.

57.     Defendant, by reason of the foregoing occurrences, and by its behavior, actions and

conduct, did discriminate against Plaintiff.

58.     The aforementioned acts of Defendant did constitute unlawful discrimination against Plaintiff under the City HRL, in violation of Article 1, Title 8 *et. seq.*, of the New York City Administrative Code and specifically §8-107 thereof, which states that:

> It shall be an unlawful discriminatory practice: (a) For an employer . . . because of the actual or perceived age . . . of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment.

59.     The aforementioned acts of Defendant did constitute unlawful discrimination against Plaintiff as Plaintiff was terminated on account of his disability, rather than any non-discriminatory reason.

60.     As a direct and proximate result of Defendant's unlawful discrimination, Plaintiff was discriminated against and publicly humiliated in front of his coworkers.

61.     As a direct and proximate result of Defendant's unlawful discrimination, Plaintiff was caused to suffer and continues to suffer physical, psychological, emotional, and financial harm and damages.

62.     As a direct and proximate result of Defendant's unlawful discrimination against Plaintiff, Defendant is liable to Plaintiff pursuant to City HRL Title 8, §8-502, for the physical, psychological, emotional, and financial harm and damages Defendant caused him to suffer and of which he continues to suffer, in addition to any such other remedies as may be deemed just and appropriate.

## COUNT IV
## DISCRIMINATION IN VIOLATION OF
## THE REHABILITATION ACT

63.     Plaintiff hereby repeats and realleges all allegations set forth as if fully set forth

8

herein.

64.     This Count is brought under the Rehabilitation Act, 29 U.S.C.A 791, *et seq.*, as amended in 1992 ("the "Rehabilitation Act"), including sections 794 and 504, and reference is made to the Rehabilitation Act in its entirety.

65.     Defendant is a qualified employer within the meaning of the Rehabilitation Act that receives some federal assistance.

66.     Plaintiff was otherwise qualified to perform the essential functions of Plaintiff's job with Defendant.

67.     Plaintiff had an impairment that substantially limited one or more of Plaintiff's major life activities.

68.     Defendant regarded Plaintiff as having an impairment that substantially limited one or more of Plaintiff's major life activities.

69.     Defendant discriminated against Plaintiff by refusing to accommodate his disability and by allowing discrimination to occur, including but not limited to mocking Plaintiff's speech, appearance, and calling him "retarded."

70.     Upon information and belief, Defendant caused the discrimination, was aware of the discrimination, and did nothing to resolve the discrimination and/or was complicit in the misconduct.

71.     Plaintiff is entitled to recover monetary damages and other damages and relief, including but not limited to, back pay, compensatory damages, and attorneys' fees from Defendants under the Rehabilitation Act.

## **REQUEST FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests that this Court grant the following relief:

a.  Compensatory damages in an amount to be determined by a jury sufficient to compensate Plaintiff for all pain and suffering, humiliation, emotional distress, stress and mental anguish;

b.  Economic damages in the form of back pay and compensation for lost benefits, plus pre judgment interest;

c.  Damages in the form of front pay or reinstatement, plus pre judgment interest;

d.  An award of punitive damages sufficient to deter Defendant from engaging in future unlawful conduct;

e.  Reasonable costs and attorney's fees; and

f.  Any such further relief as this Court deems just and proper.

### JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable as of right by jury.

Dated: New York, New York
       January 17, 2018

Respectfully submitted,
By: _____
**IMBESI LAW P.C.**
Seth Asher Nadler, Esq.
450 7th Avenue, Suite 1408
New York, NY 10123
Tel: (646) 767-2270
Fax: (212) 658-9177
Email: seth@lawicm.com